IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LIMBAUGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:93cv1404-A |
| | ) | (WO) |
| LESLIE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| NATIVE AMERICAN PRISONERS | ) | |
| OF ALABAMA - TURTLE WIND | ) | |
| CLAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:96cv554-A |
| | ) | (WO) |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 21, 2005, plaintiff Irvin, a member of the plaintiff class, filed a motion for further relief (doc. # 388) in which he request the court to expunge two disciplinaries which he alleges were placed in his file for retaliatory and discriminatory reasons. He also seeks damages. For the reasons which follow, the motion for further relief should be denied.

The two disciplinaries Irvin complains about were lodged against him in 2002. Irvin did not challenge these disciplinary actions until he filed the instant motion for further relief. Thus, his claim for further relief is due to be denied because it was filed more than

1

two years after the accrual of his disciplinary action claims.  *See Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003).

Irvin suggests that he preserved his claims because they were presented in a pleading filed on August 16, 2002 and because he requested the opportunity to present evidence about retaliation at the December 2004 evidentiary hearing.  The August 16, 2002 pleading was a response to an order of the court which had denied a motion for subpoenas and which directed that plaintiffs' counsel confer with Irvin and report to the court about counsel's position regarding Irvin's "motion to withdraw plaintiffs (sic) attorney." (doc. # 285).  The August 16, 2002 pleading was plainly labeled a response to that order.

Irvin never filed on his behalf a motion to amend the complaint to assert his individual disciplinary and retaliation claims.  The applicable rule, FED.R.CIV.P. 8(a) requires that

> [a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, . . . contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

A request to present evidence about perceived wrongs is not consistent with Rule 8's requirement of a short and plain statement of the claim.  The pleading does not contain a demand for relief.  In short, Irvin could have but did not present a claim for relief about the disciplinary actions until March 2005.  That is outside the statute of limitations period. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Irvin's motion

for further relief be denied.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before September 19, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of September, 2005.

           /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE