IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LIMBAUGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:93cv1404-WHA |
| | ) | |
| LESLIE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NATIVE AMERICAN PRISONERS OF | ) | |
| ALABAMA - TURTLE WIND CLAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:96cv554-WHA |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is now before the court on the Recommendation of the Magistrate Judge (Doc. #395), Plaintiffs' Objection (Doc. #397), and Defendants' Response (Doc. #401). In his Recommendation, the Magistrate Judge dealt with the one remaining claim in this case, Plaintiffs' challenge to the Alabama Department of Corrections' (ADOC) policy prohibiting Native American inmates from participating in sweat lodge ceremonies, and recommended that all aspects of the claim be dismissed.

The Magistrate Judge held an evidentiary hearing on December 9 - 10, 2004, ordered subsequent submissions and briefs, and held status conferences on February 10, 2005, an May 9,

2005, all before entry of his Recommendation. In accordance with the law of this Circuit, this court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including a review of all documents, briefs, and transcripts of the evidentiary hearing and status conferences.[1]     A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). It has been noted that "[I]mplicit in *Raddatz* is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence." *Blizzard v. Quillen*, 579 F. Supp. 1446, 1449 (D. Del. 1984); see also *Buckley v. McGraw-Hill, Inc.*, 762 F. Supp. 430, 435 (D.N.H. 1991).

After reviewing the record and reading the transcripts of the evidentiary hearing and the status conferences, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments. The court finds no reason to question the findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence. *See United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983), cert. denied, *Wescott v. U.S.*, 463 U.S. 1212 (1983) [2]; *United States v. Cofield*, 272 F.3d 1303 (11th Cir. 2001).[3]

---

[1] *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990) ("Thus, although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record. If the magistrate makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.")

[2] "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Id.*

[3] "In *United States v. Raddatz* (citation omitted), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility

The Plaintiffs object to the Magistrate Judge's Recommendation that the Plaintiffs' request for injunctive and declaratory relief be dismissed as moot in view of the ADOC's adoption of a new regulation allowing sweat lodge ceremonies, contending that the Defendants did not carry their burden of proving the absence of a likelihood that the illegality will recur.  As the Recommendation points out, however, when the defendant is not a private citizen but a government actor, as is the case here, there is a rebuttable presumption that the objectionable behavior will not recur.  The court agrees with the Magistrate Judge's conclusion that the Plaintiffs' evidence did not rebut this presumption and, therefore, declaratory and injunctive relief is not appropriate.

As to the Plaintiffs' claims for damages, the court agrees with the Magistrate Judge's conclusion from the evidence in the case that these claims are barred by qualified immunity and sovereign immunity.

The court finds the Plaintiffs' objection to be without merit, and it is hereby overruled.  The court adopts the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1.  To the extent that the Plaintiffs request injunctive and declaratory relief, the Plaintiffs' claim that the Alabama Department of Corrections' absolute prohibition of sweat lodge ceremonies is a violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, *et seq.*, is DISMISSED as moot.

---

findings."

    2. To the extent that the Plaintiffs request damages, the Plaintiffs' claims that the ADOC's absolute prohibition of sweat lodge ceremonies was a violation of RLUIPA is DISMISSED on the basis of qualified immunity and sovereign immunity.

    3. Final Judgment will be entered accordingly.

    DONE this 14th day of September, 2006.

                                    /s/ W. Harold Albritton
                                    W. HAROLD ALBRITTON
                                    SENIOR UNITED STATES DISTRICT JUDGE