IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LIMBAUGH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:93cv1404-D |
| | ) | |
| LESLIE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| NATIVE AMERICAN PRISONERS | ) | |
| OF ALABAMA - TURTLE WIND | ) | |
| CLAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:96cv554-D |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 12, 2000, the court entered a comprehensive order and judgment in this case adopting findings and conclusions set forth in a recommendation of this Magistrate Judge which incorporated the parties' stipulation filed March 5, 1998.  That stipulation resolved all issues in the case except claims about the use of a sweat lodge and restrictions on hair length.  As to the two latter issues, the court found for the defendants, adopting another recommendation of this Magistrate Judge.

On January 9, 2007, five persons who are in custody of the State of Alabama and

who allege that they are members of the class of Native American prisoners in this case filed a motion (doc. # 422) for injunctive relief and for contempt.  They allege that in March 2006 they were transferred from prisons in Alabama to a private prison facility in Louisiana "under the control of South Louisiana Corrections Services Inc."  The movants allege that the parties they name in the motion are depriving them of rights secured by the Constitution, federal law as well as violating the prior orders of this court securing to them certain rights to practice their Native American religion.

All of the alleged persons who have violated the rights of the plaintiffs as well as the prison facility in which the plaintiffs are now incarcerated are located in the State of Louisiana.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   In deciding whether transfer is appropriate, the court should consider relevant factors which include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *See Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005).

Except for factors number 7 and 8, all of the factors militate in favor of transfer of

this action to the United States District Court where the plaintiffs are presently incarcerated.  Even though this is an action for contempt, there is no reason to believe that the court in Louisiana cannot properly consider the plaintiffs' claims.  Indeed, much of what the plaintiffs complain about relates to prison administrative actions which in the context of the specific situation in Louisiana may justify some restrictions there that would not be applicable elsewhere.  In short, the court is Louisiana with its greater familiarity of the area and its people is best situated to make those decisions which involve people, place and documents located there.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that pursuant to 28 U.S.C. § 1404 the motion be transferred to the United States District Court for the Western District of Louisiana.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before April 2, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of March, 2007.


/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE