IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY KNIGHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:93cv1404-WHA |
| | ) | (WO) |
| LESLIE THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| NATIVE AMERICAN PRISONERS OF ALABAMA - TURTLE WIND CLAN, et al., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:96cv554-WHA |
| | ) | |
| STATE OF ALABAMA DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #530), entered on July 11, 2011, the Plaintiffs' Objection thereto (Doc. #539), and the Defendants' Response (Doc. #546).

The court has conducted an independent evaluation and *de novo* review of the file in this case and, having done so, concludes that the objections are not well-taken and are due to be overruled.

The Plaintiffs complain that the Magistrate Judge incorrectly deferred to prison officials in a manner inconsistent with the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) and *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418 (2006), in concluding that the Defendants carried their burden to demonstrate the existence of a compelling interest in requiring that inmates' hair be cut short. "The compelling interest standard-under both RLUIPA and the Constitution–is not one of deference but one of proof." (Pl. Objections at 4-5) Of course, the Defendants have a burden of proof on the compelling interest requirement, and the Recommendation fully discussed that. The Plaintiffs' reliance on *Gonzales* is misplaced. The question in that case was whether the Religious Freedom Restoration Act (RFRA) prohibited the government from applying the Controlled Substances Act to ban a religious sect's use of hoasca, a tea containing a hallucinogen, in religious ceremonies. The Court found, as did the courts below, that the government failed to meet its burden of proof to demonstrate a compelling interest. But *Gonzales* did not involve prisons, and the Plaintiffs ignore the fact that both RFRA and RLUIPA specifically require a court to defer to prison administrators in considering claims of prisoners.

Much of the Plaintiffs' objections are devoted to a discussion of least restrictive alternatives and the fact that other prisons permit long hair. But, as noted in the Recommendation, context matters and what happens in other prison systems is beside the point. What the Plaintiffs want is that the court decouple deference from least restrictive alternative so that these are considered in isolation. That is inconsistent with RLUIPA.

Much of the Plaintiffs' objections are devoted to a demonstration that other prisons have different regulations and that none of the Alabama Department of Corrections's officials' concerns are valid.  For the reasons stated in the Recommendation, the fact that other prison officials handle these questions differently is not determinative.

The Plaintiffs argue that the Alabama Department of Corrections' argument premised on lack of staff is "chutzpah."  ((Pl. Objections at 49)  Put another way, the Plaintiffs argue that the Defendants' lack of ability and money is no reason to violate their rights under RLUIPA.  Of course, lack of funding is not an excuse for a denial of rights, but here that is not the question.  Rather, the question is whether the Defendants' hair regulations survive scrutiny under the RLUIPA tests.  In applying those tests, the court must do so in a manner which takes into account the reality of Alabama prisons which are facts, not excuses.  Those facts inform the answer to whether the regulation meets the compelling interest and least restrictive means requirements.  The court agrees with the conclusion of the Magistrate Judge, based on the facts, that the Alabama Department of Corrections' regulations restricting inmate hair length do not violate the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.*

Accordingly, it is hereby ORDERED as follows:

1. Plaintiffs' Objections are OVERRULED.

2. The Recommendation of the Magistrate Judge is ADOPTED.

3. Final Judgment will be entered in favor of the Defendants and this case DISMISSED with prejudice.

DONE this 8th day of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE