IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICKY KNIGHT, et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:93cv1404-WHA |
| | )    (WO) |
| LESLIE THOMPSON, et al., | ) |
| | ) |
|       Defendants. | ) |
| NATIVE AMERICAN PRISONERS | ) |
| OF ALABAMA - TURTLE WIND CLAN, | ) |
| et al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 2:96cv554-WHA |
| | ) |
| STATE OF ALABAMA DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) |
| | ) |
|       Defendants. | ) |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #580), entered on March 5, 2014 and the Plaintiffs' Objection thereto (Doc. #585).

A district judge reviewing a magistrate judge's Recommendation to which an objection is filed should conduct a *de novo* review of the record. 28 U.S.C. § 636(b). "Although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record. If the magistrate makes findings based upon the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings." *Jeffery S. by Ernest S. v. State Bd. of Ed. of State of Georgia*, 896

F.2d 507, 513 (11th Cir. 1990); *Holt v. Crist*, 233 F. App'x 900, 901 (11th Cir. April 19, 2007). A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed finding. *United States v. Raddatz*, 447 U.S. 667, 680 (1980); 28 U.S.C. § 636(b)(1).

The court has conducted an independent evaluation and *de novo* review of the file, including the transcript of the April 23 and 25, 2013 hearing, and, having done so, concludes that the objections are not well-taken and are due to be overruled.

On June 12, 2000 the court entered an Order and Judgment (Doc. #214) adopting the findings and conclusions of the Magistrate Judge (Doc. #193) which incorporated the parties' March 5, 1998 stipulation as injunctive relief. Plaintiff Franklin Running Bear Irvin ("Irvin") subsequently filed a Motion for Further Relief, Compliance, and/or Contempt and then filed a Supplemental Motion (Doc. #552). On March 19, 2012, the Magistrate Judge granted an oral motion to withdraw the original Motion for Further Relief, Compliance and/or Contempt. (Doc. #552). The Magistrate Judge held an evidentiary hearing on the Supplemental Motion for Further Relief, Compliance and/or Contempt on April 23 and April 25, 2012.

The Magistrate Judge entered the instant Recommendation that the Supplemental Motion for Further Relief, Compliance and/or Contempt be denied. Specifically, the Magistrate Judge concluded that Irvin had not established by clear and convincing evidence that the actions of the Defendants constituted contempt of the court's June 2000 Order adopting the September 1999 Report and Recommendation of the Magistrate Judge (hereinafter "the court's Order"). The Magistrate Judge also informed the parties during the evidentiary hearing that there was no properly-stated claim for retaliatory transfer in this case. (Doc. #567 at p. I-5).[1]

---

[1] The court accepts this finding as part of the Recommendation of the Magistrate Judge The Magistrate Judge construed the motion as one for contempt, and further relief. (Doc. #553). At the evidentiary hearing, counsel for Irvin stated that "claim" for retaliatory transfer was not the

Irvin has objected to the Recommendation of the Magistrate Judge, and urges this court to grant the Motion for Contempt.

Contempt can only be found if the court finds a "willful disregard of the authority" of the court upon a clear and convincing showing that (1) the allegedly violated order was valid and lawful, (2) the order was clear and unambiguous, and (3) the alleged violator had the ability to comply with the order. *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007). The focus in civil contempt proceedings is not on the subjective beliefs or intent in complying with the order. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). But, "[c]onduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance." *Id.* A "person who attempts with reasonable diligence to comply with a court order should not be held in contempt." *Newman v. Graddick*, 740 F.2d 1513, 1525 (11th Cir. 1984).

In the Recommendation, the Magistrate Judge addressed each of the Native American religion items which Irwin claims the court's Order allowed him to possess, but which Defendants confiscated. Some of the items he identified were returned to him, some of the items were destroyed.

The Magistrate Judge found some of the items Irwin possessed were items not mentioned in the court's Order as being Native American religion items which Native American inmates

---

best term to use for the additional relief requested for the alleged retaliatory transfer. (Doc. #567 at p.I-5:16-25). The court agrees that no properly-stated, separate claim for retaliatory transfer has been brought in this case. *See Smith v. Florida Dep't of Corrs.*, 318 F. App'x 726, 728 (11th Cir. 2008). The court, therefore, accepts the characterization of the pending motion as a Motion for Contempt, with relief requested to remedy instances of alleged contempt.

can possess, such as a prayer shirt, a dream catcher, and prayer rug.[2] The Magistrate Judge found that because these items are not identified in the court's Order, confiscating them cannot constitute contempt of the court's Order. The court agrees with the Magistrate Judge that in this contempt proceeding, where the court must decide whether the court's Order has been complied with, the terms of the court's Order, and not other sources, such as Alabama Department of Corrections ("ADOC") regulations, control.[3] *See Georgia Power Co.*, 484 F.3d at 1291 (stating that contempt requires a showing of a violation of a court order).

The court further concludes that the Defendants' confiscation of items such as crystals, beads, and small stones, which the Magistrate Judge found were not contained in Irwin's medicine bag as required by the court's Order,[4] and herbs and a drum which were not located in the proper place under the terms of the court's Order,[5] was not contempt because Irwin's possession was not consistent with the court's Order.

Irvin has objected to the Recommendation by arguing that items he possessed at one institution, and which fit into his holy box, such as multiple rings, a pouch with stones, a

---

[2] Throughout this Order, the court will refer to various examples of Native American religion items which were addressed by the Magistrate Judge. The court's use of examples of items is illustrative and is not meant to exclude items discussed in the Recommendation to which the same legal analysis applies.

[3] Irwin has argued for the first time in his Objections to the Recommendation (Doc. #585 at p.20) that the adoption of the ADOC regulations is an act of contempt because the ADOC regulations require possession of only one spiritual item in categories in which the court's Order contemplates multiple items. That claim was not asserted in the Motion for Further Relief (Doc. #552). The Motion for Further Relief instead argues that the Defendants were not in compliance with ADOC Regulations. The court also notes that, for the reasons discussed by the Magistrate Judge, violation of such regulations does not establish contempt of a court Order.

[4] The stipulation incorporated into the court's Order allows for stones, beads, and other materials to be maintained inside a medicine bag. (Doc. #193 at ¶2).

[5] Irwin states in his Motion that herbs are allowed in the personal possession of inmates at some facilities, but the court's Order states that herbs are to be kept by the Chaplain or in the Shift Commander's office. (Doc. #193 at ¶12). Drums also are to be kept on ceremonial grounds or with the Chaplain. (Doc. #192 at ¶13).

personal medicine wheel, and a necklace, could not be confiscated at another prison because he was allowed to retain religious items upon transfer under the terms of this court's Order. The Magistrate Judge read the provision of the court's Order that the "DOC shall permit inmates to keep and retain their religious items in the event they are transferred from one facility to another," (Doc. #193 at ¶ 19) in conjunction with another paragraph in the court's Order which provides that "religious and ceremonial items which were previously possessed by plaintiffs and do not violate the provisions set forth herein or DOC policy shall be returned." (Id. at ¶22). The Magistrate Judge reasoned that Irvin's reading of paragraph 19 of the court's Order is too broad because one institution may allow for possession of more items than that which is required by the court's Order, so the mere fact that Irwin possessed something at one time does not mean that he is entitled to possess it an institution which strictly applies the court's Order or ADOC regulations.

The court agrees with the Magistrate Judge's reading of paragraph 19 in conjunction with paragraph 22. *See Georgia Power Co.*, 484 F.3d at 1291 (stating that the court "will construe any ambiguities or uncertainties in such a court order in a light most favorable to the person charged with contempt."). Therefore, confiscating items not provided for in the court's Order was not in violation of that Order merely because those items may have been allowed at some institutions from which Irwin was transferred.

Irwin also claims contempt based on his talking stick being confiscated and never being returned. There is apparently no dispute that the talking stick met the dimensions allowed by the court's Order. The Defendants took the position in their original Answer filed in December 2010 that the talking stick was disallowed because a talking stick already existed at Fountain Correctional Facility. (Doc. #520 at p.5). The Magistrate Judge construed the court's Order

which allows the Plaintiffs to "maintain and store a talking stick . . . on the ceremonial grounds of each prison" (Doc. #193 at p. 12) to mean that only one talking stick is allowed at a facility, so that prohibiting multiple talking sticks is not contempt of the court's Order.  For purposes of evaluating whether the Defendants are in contempt, the court construes the court Order in favor of the Defendants, and agrees with the Magistrate Judge's interpretation. *See Georgia Power Co.*, 484 F.3d at 1291.[6]

As to feathers and religious literature which were confiscated in October 2008 and returned in October 2010, and as to all items which were confiscated and returned during a two-week period in March 2012,[7] the court agrees with the Magistrate Judge that the return purged the contempt, and the length of time between confiscation and return in this case does not constitute contempt.  *See Newman*, 740 F.2d at 1525 (stating that "reasonable diligence" does not constitute contempt).

With regard to the previously-discussed personal medicine wheel, dream catcher, pouch with stones, drum, additional medicine bag, prayer shirt, prayer rug, and also a handkerchief

---

[6] Irwin's attorney takes the position that the talking stick was a part of the Fountain Correctional Facility confiscation. (Doc. #585 at p.16).  At the evidentiary hearing, Irwin was asked by his attorney whether the different institutions routinely permit more than one talking stick on ceremonial grounds, to which Irwin responded that they do.  (Doc. #571 at p. II-35: 10-12).  Therefore, the court accepts the Magistrate Judge's finding that Irwin has claimed contempt in the confiscating of his talking stick at Fountain Correctional Facility based on his contention that he is allowed to possess a talking stick even if there is a talking stick present at his facility. Irwin's attorney has incorporated Irwin's separate handwritten representations by reference, and there Irwin appears to take a different position on the institution at which the talking stick was confiscated, but if Irwin intended to prove a basis for contempt other than prohibiting multiple talking sticks at a facility, he has failed to do so through clear and convincing evidence.

[7] It was not the Magistrate Judge's understanding that the March 2012 Bibb Correctional Facility confiscation was part of the contempt motion (Doc. #580 at p.6).  During the evidentiary hearing, the evidence was that the items were returned after the Chaplain's inspection, within two weeks.  (Doc. #567 at p.I-46-47). The conclusion of the Magistrate Judge that a return of confiscated items within two years was not contempt, however, also applies to the items returned within two weeks.

confiscated from him at Fountain Correctional Facility, Irwin argues that contempt occurred because these items were held in the property room at Fountain Correctional Facility and were destroyed.  The Magistrate Judge concluded that the items were properly confiscated, and that while the items should not have been destroyed after they were confiscated, the destruction was inadvertent or negligent.  Irvin has objected that the Defendants did not take all reasonable steps to protect the items so the destruction of the items is contempt of the court's Order.  The court adopts the finding of negligence or inadvertence by the Magistrate Judge and concludes that Irvin has not met the standard of clear and convincing proof of "willful disregard of the authority of the court."  *See Georgia Power Co.*, 484 F.3d at 1291; *see also Howard Johnson Co., Inc.*, 892 F.2d at 1516 (stating that incomplete compliance with a court order is not contempt if made as a good faith effort at compliance).

     As to the destruction of the pipe bowl at Fountain Correctional Facility in August 2011, the court agrees with the finding of the Magistrate Judge that there is not clear and convincing proof of contempt because the evidence is not clear as to whether a correctional officer or inmate destroyed the item.

     Finally, the court agrees that training need not be ordered in view of the finding of no contempt.

     Accordingly, it is hereby ORDERED as follows:

1. Plaintiffs' Objections are OVERRULED.
2. The Recommendation of the Magistrate Judge is ADOPTED.
3. The Supplemental Motion for Further Relief, Compliance and/or Contempt (Doc. #552) is DENIED.

Done this 30th day of May, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE